

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
MAR 1 3 2003
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| HOLLYWOOD CASINO CORPORATION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3-02CV0325-M |
| HAROLD C. SIMMONS, CONTRAN CORPORATION, JACK E. PRATT, and WILLIAM D. PRATT | § § § § § § | |
| Defendants. | § | |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Hollywood Casino Corporation ("Hollywood"), Defendants Harold C. Simmons, both individually and as Trustee of the Combined Master Retirement Trust, Contran Corporation, Jack E. Pratt, and William D. Pratt (collectively "Defendants"), and Valhi, Inc. ("Valhi") by and through their attorneys of record, hereby file this Stipulation of Dismissal With Prejudice, as follows pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure:

1. Hollywood filed this lawsuit on or about February 15, 2002, against Defendants, and Valhi. On or about April 9, 2002, Hollywood filed its First Amended Complaint. The Court dismissed Valhi from the lawsuit.

2. On August 7, 2002, Hollywood announced that it had entered into an agreement with Penn National Gaming, Inc. ("Penn"), in which Penn agreed to purchase all of the outstanding shares of Hollywood subject to certain conditions (the "Transaction"). In connection with the Transaction, Hollywood, Defendants and Valhi (collectively "the Parties") agreed to

stay all activities in this lawsuit and grant general releases in favor of one another, such releases being conditioned upon and effective at the closing of the Transaction.

3. On or about October 25, 2002, Hollywood and Defendants filed their Agreed Motion to Stay Action Pending Sale, which this Court granted on or about October 31, 2002. In their Motion to Stay, Hollywood and Defendants requested that the Court stay the proceedings until thirty days following the closing of the Transaction, with the agreement that, when the Transaction closed, the releases would become effective and the claims set forth in the First Amended Complaint would be finally resolved.

4. The Transaction between Hollywood and Penn has now closed.

5. Accordingly, the Parties now request that the Court dismiss with prejudice this action and all claims and counterclaims that were, or could have been, asserted herein.

6. The Parties further request that any costs be charged to the party incurring same.

Respectfully submitted,

**BICKEL & BREWER**

By: _____
William A. Brewer III
State Bar No. 02967035
James S. Renard
State Bar No. 16768500
Kristi Motley
State Bar No. 24010842

1717 Main Street
4800 Bank One Center
Dallas, Texas 75201
Telephone: (214) 653-4000
Telecopier (214) 653-1015

**ATTORNEYS FOR PLAINTIFF
HOLLYWOOD CASINO CORPORATION**

**SAYLES, LIDJI & WERBNER**
A Professional Corporation

By: _____
Mark S. Werbner
State Bar No. 01179700
John A. Conway
State Bar No. 00790494

4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Telephone: (214) 939-8700
Telecopier: (214) 939-8787

**ATTORNEYS FOR JACK E. PRATT
and WILLIAM D. PRATT**

LOCKE LIDDELL & SAPP LLP

By: _____
George E. Bowles
State Bar No. 02743300
C. W. Flynn
State Bar No. 07196580
Paul F. Schuster
State Bar No. 00784931

2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

**ATTORNEYS FOR DEFENDANTS
HAROLD C. SIMMONS, Individually
and as Trustee of the Combined Master
Retirement Trust, CONTRAN
CORPORATION and VALHI, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the Defendants' counsel, via certified mail, return receipt requested, on this 13th day of March, 2003:

_____
Kristi Motley